UNITED STATES DISTRICT COURT
FOR THER WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JONATHAN A. AYRES, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 1:19-cv-00961-JRN |
| AFNI, INC., | § § § | |
| Defendant. | § | |

## DEFENDANT AFNI, INC.'S ANSWER TO COMPLAINT

Defendant AFNI, Inc. ("Defendant") files its *Answer* to Plaintiff Jonathan A. Ayres ("Plaintiff")'s *Complaint* as follows:

## NATURE OF THE ACTION

1. Defendant admits Plaintiff's action is filed pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") and the Texas Debt Collection Act, Tex. Fin. Code Ann. § 392 *et seq.* ("TDCA").  Defendant denies any violation occurred.

## JURISDICTION AND VENUE

2. Defendant lacks knowledge or information sufficient to form a belief about the truth of Paragraph 2; therefore, it denies the same.

3. Defendant admits that at times it conducts business in the Western District of Texas. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remainder of Paragraph 3; therefore, it denies the same.

## PARTIES

4. Defendant lacks knowledge or information sufficient to form a belief about the truth of Paragraph 4; therefore, it denies the same.

5. Defendant admits that it is an Illinois corporation and that at times it acts as a consumer collection agency. Defendant lacks knowledge or information sufficient to form a belief about whether it acted as a debt collector as defined by the relevant statutes in this case; therefore, it denies the same.

6. Defendant admits that as a corporation, it must act through its agents, employees, etc., but only insofar as the actions are within in their authority.

## FACTS SUPPORTING CAUSES OF ACTION

7. Defendant lacks knowledge or information sufficient to form a belief about the truth of Paragraph 7; therefore, it denies the same.

8. Defendant lacks knowledge or information sufficient to form a belief about the truth of Paragraph 8; therefore, it denies the same.

9. Defendant lacks knowledge or information sufficient to form a belief about the truth of Paragraph 9; therefore, it denies the same.

10. Defendant lacks knowledge or information sufficient to form a belief about the truth of Paragraph 10; therefore, it denies the same.

11. Defendant lacks knowledge or information sufficient to form a belief about the truth of Paragraph 11; therefore, it denies the same.

12. Defendant lacks knowledge or information sufficient to form a belief about the truth of Paragraph 12; therefore, it denies the same.

13. Defendant lacks knowledge or information sufficient to form a belief about the truth of Paragraph 13; therefore, it denies the same.

14. Defendant denies Paragraph 14.

15. Defendant lacks knowledge or information sufficient to form a belief about the truth of Paragraph 15; therefore, it denies the same.

16. Defendant denies Paragraph 16.

17. Defendant denies Paragraph 17.

18. Defendant denies Paragraph 18.

19. Defendant lacks knowledge or information sufficient to form a belief about the truth of Paragraph 19; therefore, it denies the same.

20. Defendant denies Paragraph 20.

21. Defendant denies Paragraph 21.

## **COUNT I**

22. Defendant incorporates the preceding paragraphs as though fully restated herein.

23. Defendant lacks knowledge or information sufficient to form a belief about the truth of Paragraph 23; therefore, it denies the same.

24. Defendant admits that at times it acts as a debt collector as defined by the FDCPA. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remainder of Paragraph 24; therefore, it denies the same.

25. Defendant admits that at times it collects debts due to others. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remainder of Paragraph 25; therefore, it denies the same.

26. Defendant lacks knowledge or information sufficient to form a belief about the truth of Paragraph 26; therefore, it denies the same.

27. Defendant denies Paragraph 27 as an incomplete and/or inaccurate statement of law.

28. Defendant denies Paragraph 28.

29. Defendant denies Paragraph 29.

30. Defendant denies Paragraph 30 as an incomplete and/or inaccurate statement of law.

31. Defendant denies Paragraph 31 as an incomplete and/or inaccurate statement of law.

32. Defendant denies Paragraph 32.

33. Defendant denies Paragraph 33 as an incomplete and/or inaccurate statement of law.

34. Defendant denies Paragraph 34.

35. Defendant denies Paragraph 35.

Defendant denies Plaintiff's Prayer for Relief and its subparts, and denies Plaintiff is entitled to any relief or damages.

## COUNT II

36. Defendant incorporates the preceding paragraphs as though fully restated herein.

37. Defendant lacks knowledge or information sufficient to form a belief about the truth of Paragraph 37; therefore, it denies the same.

38. Defendant admits that at times it acts as a debt collector and a third party debt collector as defined by the TDCA. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remainder of Paragraph 38; therefore, it denies the same.

39. Defendant lacks knowledge or information sufficient to form a belief about the truth of Paragraph 39; therefore, it denies the same.

40. Defendant denies Paragraph 40 as an incomplete and/or inaccurate statement of law.

41. Defendant denies Paragraph 41.

42. Defendant denies Paragraph 42.

43. Defendant denies Paragraph 43 as an incomplete and/or inaccurate statement of law.

44. Defendant denies Paragraph 44.

Defendant denies Plaintiff's Prayer for Relief and its subparts, and denies Plaintiff is entitled to any relief or damages.

## JURY DEMAND

45. Defendant admits Plaintiff demands a trial by jury.

## AFFIRMATIVE DEFENSES

46. Any violation, if it occurred, was the result of a bona fide error.

47. Plaintiff's damages, if any, are the result of the actions of third parties over whom Defendant has no control.

48. Plaintiff's damages, if any, were pre-existing damages not caused by Defendant.

49. Plaintiff has failed to mitigate damages, if any.

50. Plaintiff proximately caused his own damages, if any.

51. Plaintiff has failed to state a claim against Defendant upon which relief can be granted.

52. Plaintiff has not suffered a concrete, injury-in-fact.

Considering the above, Defendant AFNI, Inc. respectfully request that this Court dismiss all claims against it.

Dated: December 2, 2019                         Respectfully submitted,

**MALONE FROST MARTIN PLLC**

*/s/ Robbie Malone*
ROBBIE MALONE
State Bar No. 12876450
Email: rmalone@mamlaw.com
EUGENE XERXES MARTIN, IV
State Bar No. 24078928
Email: xmartin@mamlaw.com
**MALONE FROST MARTIN PLLC**
NorthPark Central, Suite 1850
8750 North Central Expressway
Dallas, Texas 75231
T: 214-346-2630 | F: 214-346-2631

***COUNSEL FOR DEFENDANT AFNI, INC.***

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been electronically filed via **CM/ECF** which will automatically send email notification of such filing to the following known counsel of record on this 2nd day of December, 2019, to:

Nathan C. Volheim
Taxiarchis Hatzidimitriadis
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
nvolheim@sulaimanlaw.com
thatz@sulaimanlaw.com

***COUNSEL FOR PLAINTIFF***

                                         */s/* Robbie Malone
                                         ROBBIE MALONE