## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | |
|---|---|
| JONATHAN A. AYRES, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 1:19-cv-961-JRN |
| AFNI, INC., | DEMAND FOR JURY TRIAL |
| Defendant. | |

### *FIRST* AMENDED COMPLAINT

NOW comes JONATHAN A. AYRES ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of AFNI, INC. ("Defendant"), as follows:

#### NATURE OF THE ACTION

1.  Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.,* and the Texas Debt Collection Act ("TDCA") under Tex. Fin. Code Ann. § 392 *et seq.,* for Defendant's unlawful conduct.

#### JURISDICTION AND VENUE

2.  This action arises under and is brought pursuant to the FDCPA.  Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for Plaintiff's state law claim pursuant to 28 U.S.C. §1367.

1

3.   Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Western District of Texas and a substantial portion the events or omissions giving rise to the claims occurred within the Western District of Texas.

## PARTIES

4.   Plaintiff is a consumer over-the-age of 18, residing in Travis County, Texas, which is located within the Western District of Texas.

5.   Defendant is a corporation organized under the laws of the State of Illinois. Defendant uses the mail and telephone for the principal purpose of collecting debts from consumers on a nationwide basis, including consumers in the State of Texas. Defendant was founded in 1936 as a consumer collection agency.[1]

6.   Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

7.   The instant action stems from Defendant's attempts to collect upon a consumer debt ("subject consumer debt") from Plaintiff.

8.   Around 2018, Plaintiff began receiving calls to his work phone, (512) XXX-4606, from Defendant.   .

9.   Defendant has primarily used the phone number (888) 879-6812 when placing collection calls to Plaintiff's work phone, but upon belief, Defendant has used other numbers as well.

10. Upon information and belief, the above referenced phone number ending in -6812 is regularly utilized by Defendant during its debt collection activity.

---

[1] https://afni.com/about

11. Upon answering calls from Defendant, Plaintiff has experienced a significant pause, lasting several seconds in length, before a live representative begins to speak.

12. Plaintiff has never had any business relationship with Defendant nor has he ever given it permission to call his work phone, so Plaintiff was confused as to why Defendant was contacting him.

13. Upon speaking with Defendant, Plaintiff is informed that it is acting as a debt collector attempting to collect upon a debt purportedly owed by Plaintiff's brother, William Ayres.

14. Given the nature of Defendant's business as a collection agency that has been operating for over 80 years in the communications, insurance, and health care industries, it has contacted Plaintiff regarding collection of a consumer debt that was incurred for a personal, household purpose.

15. Accordingly, Plaintiff informed Defendant that it was calling the wrong party and demanded that Defendant cease contacting him.

16. Despite Plaintiff's demands and the information provided to Defendant, Plaintiff has still received systematic phone calls from Defendant up until the filing of this lawsuit.

17. Despite Defendant lacking permission to call Plaintiff's work phone, as well as being told that it was contacting the wrong individual and to stop calling, Defendant still placed not less than 40 phone calls to Plaintiff's work phone.

18. Frustrated over Defendant's conduct, Plaintiff spoke with Sulaiman regarding his rights, resulting in expenses.

19. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

20. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls intended

for another individual, emotional distress, and increased risk of personal injury resulting from the distraction caused by the never-ending calls.

**COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

21. Plaintiff repeats and realleges paragraphs 1 through 20 as though full set forth herein.

22. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

23. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

24. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

25. The subject consumer debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be due to another for personal, family, or household purposes.

   **a.  Violations of the FDCPA, §1692c  and §1692d**

26. The FDCPA, pursuant to 15 U.S.C. §1692c(a)(3), prohibits a debt collector from communicating with a consumer "at the consumer's place of employment if the debt collector knows or has reason to know that the consumer's employer prohibits the consumer from receiving such communication."

27. Defendant violated 15 U.S.C. §1692c (a)(3) by continuing to contact Plaintiff at his place of employment even after Plaintiff informed Defendant to cease calling his work phone. Defendant continued to contact Plaintiff at his place of employment to forcefully extract payment from Plaintiff. Defendant was notified by Plaintiff that its calls were not welcomed. As such, Defendant knew that its conduct was inconvenient and harassing to Plaintiff.

28. Defendant violated §1692c(a)(1), d, and d(5) when it repeatedly called Plaintiff after being notified to stop.  Defendant called Plaintiff at least 40 times after he demanded that it stop calling.

4

This repeated behavior of systematically calling Plaintiff's work  phone in spite of his demands was harassing and abusive.  The frequency and volume of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing him at work.

**b.  Violations of the FDCPA, § 1692e**

29. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

30. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  15 U.S.C. §1692e(10).

31. Defendant violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject consumer debt. Defendant repeatedly contacted the wrong party seeking to collect upon a debt, and was even notified by Plaintiff that it was calling the wrong person and to stop calling. Nevertheless, Defendant called Plaintiff on his work phone at least 40 times in a deceptive attempt to force Plaintiff to answer its calls and ultimately make a payment, even though the debt was not his. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to contact him via an automated system when, not only did Defendant not have consent in the first place, but it was also subsequently told to stop calling.

**c.  Violations of the FDCPA, § 1692f**

32. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

33. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on a debt by continuously calling Plaintiff's work phone over 40 times and asking to speak with an individual who was not Plaintiff. Defendant repeatedly asked to speak with another individual that

5

is not Plaintiff. Attempting to coerce Plaintiff into payment by placing voluminous phone calls after becoming privy to the fact that it is contacting the wrong person and being told to stop calling is unfair and unconscionable behavior. These means employed by Defendant only served to worry and confuse Plaintiff.

34. As pled in paragraphs 19 through 20, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, JONATHAN A. AYRES, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject consumer debt; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

35. Plaintiff restates and realleges paragraphs 1 through 34 as though fully set forth herein.

36. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

37. Defendant is a "debt collector" and a "third party debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) and (7).

38. The subject consumer debt is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

### a.  Violations of TDCA § 392.302

39. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.302(4), states that "a debt collector may not oppress, harass, or abuse a person by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number."

40. Defendant violated the TDCA when it continued to call Plaintiff's work  phone at least 40 times without his consent and attempting to collect upon a debt not owed by Plaintiff.  The repeated contacts were made with the hope that Plaintiff would succumb to the harassing behavior and ultimately submit a payment. Rather than understanding Plaintiff's situation and abiding by his wishes, Defendant continued in its harassing campaign of phone calls in hopes of extracting payment.

41. Upon being told to stop calling, Defendant had ample reason to be aware that it should not continue its harassing calling campaign. Yet, Defendant consciously chose to continue placing systematic calls to Plaintiff's work phone knowing that its conduct was unwelcome.

### b.  Violations of TDCA § 392.304

42. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.304(19) prohibits a debt collector from "using any . . . false representation or deceptive means to collect a debt or obtain information concerning a consumer."

43. Defendant violated the TDCA through the implicit misrepresentations made on phone calls placed to Plaintiff's work phone. Through its conduct, Defendant misleadingly represented to

Plaintiff that it had the legal ability to collect from him when Plaintiff did not owe the subject

consumer debt.

WHEREFORE, Plaintiff, JONATHAN A. AYRES, respectfully requests that this Honorable

Court enter judgment in his favor as follows:

a.  Declaring that the practices complained of herein are unlawful and violate the
    aforementioned statutes and regulations;

b.  Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

c.  Awarding Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

d.  Awarding Plaintiff  punitive damages, in an amount to be determined at trial, for the
    underlying violations;

e.  Awarding Plaintiff costs and reasonable attorney fees, pursuant to Tex. Fin. Code Ann. §
    392.403(b);

f.  Enjoining Defendant from further contacting Plaintiff seeking payment of the subject
    consumer debt; and

g.  Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: January 14, 2020                      Respectfully submitted,

s/ Nathan C. Volheim                         s/Taxiarchis Hatzidimitriadis
Nathan C. Volheim, Esq. #6302103             Taxiarchis Hatzidimitriadis, Esq. #6319225
*Counsel for Plaintiff*                      *Counsel for Plaintiff*
Admitted in the Western District of Texas    Admitted in the Western District of Texas
Sulaiman Law Group, Ltd.                     Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200          2500 South Highland Ave., Suite 200
Lombard, Illinois 60148                      Lombard, Illinois 60148
(630) 568-3056 (phone)                       (630) 581-5858 (phone)
(630) 575-8188 (fax)                         (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com                     thatz@sulaimanlaw.com