UNITED STATES DISTRICT COURT
FOR THER WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JONATHAN A. AYRES, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 1:19-cv-00961-JRN |
| AFNI, INC., | § § § | |
| Defendant. | § | |

### DEFENDANT AFNI, INC.'S FIRST AMENDED ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant AFNI, Inc. ("Defendant") files its *Answer* to Plaintiff Jonathan A. Ayres ("Plaintiff")'s *Complaint* as follows:

### NATURE OF THE ACTION

1. Defendant admits Plaintiff's action is filed pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") and the Texas Debt Collection Act, Tex. Fin. Code Ann. § 392 *et seq.* ("TDCA"). Defendant denies any violation occurred.

### JURISDICTION AND VENUE

2. Defendant lacks knowledge or information sufficient to form a belief about the truth of Paragraph 2; therefore, it denies the same.

3. Defendant admits that at times it conducts business in the Western District of Texas. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remainder of Paragraph 3; therefore, it denies the same.

## PARTIES

4. Defendant lacks knowledge or information sufficient to form a belief about the truth of Paragraph 4; therefore, it denies the same.

5. Defendant admits that it is an Illinois corporation and that at times it acts as a consumer collection agency. Defendant lacks knowledge or information sufficient to form a belief about whether it acted as a debt collector as defined by the relevant statutes in this case; therefore, it denies the same.

6. Defendant admits that as a corporation, it must act through its agents, employees, etc., but only insofar as the actions are within in their authority.

## FACTS SUPPORTING CAUSES OF ACTION

7. Defendant lacks knowledge or information sufficient to form a belief about the truth of Paragraph 7; therefore, it denies the same.

8. Defendant lacks knowledge or information sufficient to form a belief about the truth of Paragraph 8; therefore, it denies the same.

9. Defendant admits that it used the phone number listed to place calls on the account at issue. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remainder of Paragraph 9; therefore, it denies the same.

10. Defendant admits that at times it uses the phone number listed to place calls. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remainder of Paragraph 10; therefore, it denies the same.

11. Defendant lacks knowledge or information sufficient to form a belief about the truth of Paragraph 11; therefore, it denies the same.

12. Defendant lacks knowledge or information sufficient to form a belief about the truth of Paragraph 12; therefore, it denies the same.

13. Defendant denies Paragraph 13.

14. Defendant lacks knowledge or information sufficient to form a belief about the truth of Paragraph 14; therefore, it denies the same.

15. Defendant denies Paragraph 15.

16. Defendant denies Paragraph 16.

17. Defendant denies Paragraph 17.

18. Defendant lacks knowledge or information sufficient to form a belief about the truth of Paragraph 18; therefore, it denies the same.

19. Defendant denies Paragraph 19.

20. Defendant denies Paragraph 20.

## COUNT I

21. Defendant incorporates the preceding paragraphs as though fully restated herein.

22. Defendant lacks knowledge or information sufficient to form a belief about the truth of Paragraph 22; therefore, it denies the same.

23. Defendant admits that at times it acts as a debt collector as defined by the FDCPA. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remainder of Paragraph 23; therefore, it denies the same.

24. Defendant admits that at times it collects debts due to others. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remainder of Paragraph 24; therefore, it denies the same.

25. Defendant lacks knowledge or information sufficient to form a belief about the truth of Paragraph 25; therefore, it denies the same.

26. Defendant denies Paragraph 26 as an incomplete and/or inaccurate statement of law.

27. Defendant denies Paragraph 27.

28. Defendant denies Paragraph 28.

29. Defendant denies Paragraph 29 as an incomplete and/or inaccurate statement of law.

30. Defendant denies Paragraph 30 as an incomplete and/or inaccurate statement of law.

31. Defendant denies Paragraph 31.

32. Defendant denies Paragraph 32 as an incomplete and/or inaccurate statement of law.

33. Defendant denies Paragraph 33.

34. Defendant denies Paragraph 34.

Defendant denies Plaintiff's Prayer for Relief and its subparts, and denies Plaintiff is entitled to any relief or damages.

## **COUNT II**

35. Defendant incorporates the preceding paragraphs as though fully restated herein.

36. Defendant lacks knowledge or information sufficient to form a belief about the truth of Paragraph 36; therefore, it denies the same.

37. Defendant admits that at times it acts as a debt collector and a third party debt collector as defined by the TDCA. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remainder of Paragraph 37; therefore, it denies the same.

38. Defendant lacks knowledge or information sufficient to form a belief about the truth of Paragraph 38; therefore, it denies the same.

39. Defendant denies Paragraph 39 as an incomplete and/or inaccurate statement of law.

40. Defendant denies Paragraph 40.

41. Defendant denies Paragraph 41.

42. Defendant denies Paragraph 42 as an incomplete and/or inaccurate statement of law.

43. Defendant denies Paragraph 43.

Defendant denies Plaintiff's Prayer for Relief and its subparts, and denies Plaintiff is entitled to any relief or damages.

## JURY DEMAND

44. Defendant admits Plaintiff demands a trial by jury.

## AFFIRMATIVE DEFENSES

45. Any violation, if it occurred, was the result of a bona fide error.

46. Plaintiff's damages, if any, are the result of the actions of third parties over whom Defendant has no control.

47. Plaintiff's damages, if any, were pre-existing damages not caused by Defendant.

48. Plaintiff has failed to mitigate damages, if any.

49. Plaintiff proximately caused his own damages, if any.

50. Plaintiff has failed to state a claim against Defendant upon which relief can be granted.

51. Plaintiff has not suffered a concrete, injury-in-fact.

Considering the above, Defendant AFNI, Inc. respectfully request that this Court dismiss all claims against it.

Dated: January 31, 2020          Respectfully submitted,

**MALONE FROST MARTIN PLLC**

*/s/ Robbie Malone*
ROBBIE MALONE
State Bar No. 12876450
Email: rmalone@mamlaw.com
EUGENE XERXES MARTIN, IV
State Bar No. 24078928
Email: xmartin@mamlaw.com
**MALONE FROST MARTIN PLLC**
NorthPark Central, Suite 1850
8750 North Central Expressway
Dallas, Texas 75231
T: 214-346-2630 | F: 214-346-2631

***COUNSEL FOR DEFENDANT AFNI, INC.***

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been electronically filed via **CM/ECF** which will automatically send email notification of such filing to the following known counsel of record on this 31st day of January, 2020, to:

Nathan C. Volheim
Taxiarchis Hatzidimitriadis
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
nvolheim@sulaimanlaw.com
thatz@sulaimanlaw.com

***COUNSEL FOR PLAINTIFF***

         */s/ Robbie Malone*
         ROBBIE MALONE

**DEFENDANT'S FIRST AMENDED ANSWER**      Page **6** of **6**
371.0012 First Amended Answer